THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAREN GINSBURG, <br><br> Plaintiff, <br><br> v. <br><br> COMCAST CORPORATION, et al., <br><br> Defendants. | CASE NO. C11-1959RAJ <br><br> ORDER |

## I. INTRODUCTION

This matter comes before the court on Defendants' motion to dismiss Plaintiff's Washington Consumer Protection Act ("CPA") claim. Dkt. # 18. Defendants (collectively "Comcast") move to dismiss for failure to state a claim. No party requested oral argument, and the court finds argument unnecessary. For reasons discussed below, the court GRANTS Comcast's motion to dismiss in part and DENIES it in part.

## II. BACKGROUND

Plaintiff Karen Ginsburg is a former Comcast employee paid by the hour. She alleges that Comcast engaged in a systematic scheme of wage-and-hour abuse. Dkt. # 1. Comcast knowingly required or permitted Ms. Ginsburg to work before and after her assigned shifts. Comcast did not pay Ms. Ginsburg for off-the-clock or overtime work. Additionally, Comcast required or permitted Ms. Ginsburg to work during rest breaks and did not pay her for this time. Ms. Ginsburg estimates that, at minimum, she worked 10-

ORDER – 1

15 minutes before her shift each day for which she received no compensation. Ms. Ginsburg believes this is true of many other Comcast hourly-paid customer service and sales employees. She would like to sue on their behalf as well as on her own. The court has not yet considered certification of a class action. Ms. Ginsburg asserts that Comcast solicits hourly-paid customer service and sales employees from Washington using internet advertisements. Ms. Ginsburg alleges that, because of this solicitation, Comcast's wage practices had the capacity to deceive a substantial portion of the public. No one disputes that Ms. Ginsburg has successfully stated claims that Comcast violated RCW 49.46.130 (failure to pay overtime), RCW 49.12.020 and WAC 296-126-092 (failure to provide rest breaks), RCW 49.48.010 (failure to pay wages owed at termination), and RCW 49.52.050 (willful refusal to pay wages). The question is whether Ms. Ginsburg may recast those claims as CPA violations. Comcast moved to dismiss Ms. Ginsburg's CPA claim, and the court turns to that motion.

## III.   ANALYSIS

Comcast invokes Fed. R. Civ. P. 12(b)(6), which permits a court to dismiss a complaint for failure to state a claim. A court considering a rule 12(b)(6) motion must assume the truth of all of the complaint's factual allegations and credit all reasonable inferences arising from its contentions. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If she does so, her complaint survives dismissal as long as there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). The court typically cannot consider

ORDER – 2

evidence or allegations beyond the four corners of the complaint. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

The CPA makes "unfair or deceptive acts or practices in the conduct of any trade or commerce" illegal. RCW 19.86.020. A plaintiff bringing a CPA claim must prove: "(1) [an] unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986). Whether an act or practice is actionable under the CPA is a question of law. *Dombrosky v. Farmers Ins. Co. of Wash.*, 84 Wn. App. 245, 260 (1996). The legislature intended the CPA to complement federal legislation regulating unfair trade and other unfair or deceptive acts or practices. Courts interpret the CPA broadly, consistent with the legislature's purpose of protecting the public and promoting fair competition. *See* RCW 19.86.920.

Comcast argues that its wage-and-hour practices did not occur in "trade or commerce" as the CPA defines the terms. Alternatively, Comcast contends that Ms. Ginsburg pleaded insufficient facts to establish that Comcast engaged in "unfair or deceptive acts or practices." If Ms. Ginsburg cannot meet both these requirements of the CPA, then the court must dismiss her CPA claim.

**A.    Whether Comcast's Wage Practices Occurred in "Trade or Commerce" within the Meaning of the CPA**

The parties dispute whether Comcast's alleged failure to pay employees for overtime and rest breaks is an act occurring "in trade or commerce" as the CPA requires. The CPA defines trade and commerce: "'Trade' and 'commerce' shall include the sale of assets or services, and *any* commerce directly or indirectly affecting the people of the state of Washington." RCW 19.86.010(2) (emphasis added). Washington courts consistently interpret "trade or commerce" broadly according to the text of the statute. *Short v. Demopolis*, 103 Wn.2d 52, 61 (1984) ("The CPA, on its face, shows a carefully

ORDER – 3

drafted attempt to bring within its reaches *every* person who conducts unfair or deceptive acts or practices in *any* trade or commerce.") (citation omitted). *Accord Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 740 (1987); *Stephens v. Omni Ins. Co.*, 138 Wn. App. 151, 173 (2007). The CPA does not require a consumer relationship between the parties to establish that the disputed practice occurred in trade or commerce. *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 39 (2009).

As a customer account executive, Ms. Ginsburg provided services to the people of Washington on behalf of Comcast. The sale of her services and her role in providing Comcast's products and services to customers "directly and indirectly affected" Washingtonians who are Comcast customers or Comcast employees. *See* RCW 19.86.010(2). The way Comcast paid Ms. Ginsburg consequently affected "trade or commerce." Consistent with the language of the CPA, the court finds that Comcast's failure to pay Ms. Ginsburg her lawful wages occurred in "trade or commerce."

Comcast offered several arguments for an interpretation of "trade or commerce" that would place its wage-and-hour practices beyond the scope of the CPA. First, Comcast relies on RCW 19.86.070, arguing that the legislature exempted employment disputes from the CPA:

> The labor of a human being is not a commodity or article of commerce. Nothing contained in this chapter shall be construed to forbid the existence and operation of labor, agricultural, or horticultural organizations, instituted for the purposes of mutual help, and not having capital stock or conducted for profit, or to forbid or restrain individual members of such organizations from lawfully carrying out the legitimate objects thereof.

On the contrary, Washington courts construe the statute to address labor organizations, such as unions, rather than "labor" in a broader sense. The legislature specifically exempts certain groups from liability under the CPA. In *Ernst*, the court interpreted RCW 19.86.070 as the "labor exemption" to the CPA. *Ernst Home Ctr., Inc. v. United Food & Comm. Workers Int'l Union, Local 1001*, 77 Wn. App. 33, 47 (1995). No other

ORDER – 4

Washington court had interpreted the provision. *Id.* at 46. The court reasoned from a similar federal labor exemption, because the CPA is modeled after federal antitrust laws. *Id.* at 47. The *Ernst* court applied RCW 19.86.070 to exempt defendants from CPA liability, because they acted "on behalf of the union." *Id.*

Applying Washington law, another court in this District rejected the argument that RCW 19.86.070 operates to exclude employment disputes from the CPA. *Kirkpatrick v. Ironwood Commc'ns, Inc.*, No. C05-1428JLR, 2006 WL 2381797, at *13 (W.D. Wash. Aug. 16, 2006). Plaintiffs were field technicians who brought a CPA claim based on their employer's wage-and-hour violations. The employer argued that RCW 19.86.070 barred the CPA claim because the statute stated that "the labor of a human being is not a commodity or article of commerce." Comcast makes the same argument. Following *Ernst*, the *Kirkpatrick* court permitted plaintiffs' CPA claim to proceed because the statute applied only to the groups specifically listed: labor, agricultural, and horticultural organizations. *Id.* (describing decisions construing statute as "exempting labor associations" and providing "agricultural exemptions"). RCW 19.86.070 does not bar a wage-and-hour-based CPA claim.

Second, Comcast argues that this court should interpret Washington's CPA consistently with similarly-worded consumer protection acts from other states. The court need not rely on out-of-state precedent, because Washington authority is sufficient to guide interpretation of the CPA.

In *Bruce v. Northwest Metal Prods. Co.*, 79 Wn. App. 505, 517 (1995), the court interpreted the Washington Law Against Discrimination ("WLAD") to mean that all unfair practices under that statute, except unfair *employment* practices, violate the CPA:

> *Except for any unfair practice committed by an employer against an employee or a prospective employee*…any unfair practice prohibited by this chapter which is committed in the course of trade or commerce as defined in the [CPA] is, for the purpose of applying that chapter, a matter affecting the public interest, is not reasonable in relation to the development and

ORDER – 5

preservation of business, and is an unfair or deceptive act in trade or commerce.

RCW 49.60.030(3). The legislature intended that an employer's violation of WLAD would not constitute a CPA claim. *See Bruce*, 79 Wn. App. at 517 (explaining that "the Legislature apparently has attempted to exclude employment disputes under RCW 49.60 from coverage under the CPA"). The *Bruce* court rejected plaintiff's argument that the CPA covered disability discrimination and dismissed the CPA claim. In contrast, there is no statute through which the legislature excludes unfair wage-and-hour practices from the CPA. If anything, the legislature's exclusion of employment-based discrimination claims from the CPA suggests that if it had intended to exclude wage-and-hour claims, it would have done so explicitly.[1]

Third, Comcast argues that allowing employment disputes to qualify as CPA claims is inconsistent with Washington's comprehensive wage-and-hour legislation. *See Schilling v. Radio Holdings, Inc.*, 136 Wn.2d 152, 157 (1998) (explaining that RCW chapters 49.46, 49.48, 49.52 constitute a "comprehensive scheme to ensure payment of wages"). Comcast notes the incongruence between the requirement that employers keep payroll records for three years and the CPA's four-year statute of limitations. In contrast, the wage-and-hour statutes have a three-year statute of limitations, consistent with the payroll records requirement. Dkt. # 23 at 7.

Although Comcast's argument has some appeal, the court cannot overlook the legislature's explicit statement that its wage-and-hour laws are not an employee's sole

---

[1] Even if Comcast is correct that the legislature intended to exclude wage-and-hour violations from the CPA, *Bruce* prevents this court from barring Ms. Ginsburg's CPA claim. Ordinarily, plaintiffs may prove CPA violations in two ways: by meeting each *Hangman Ridge* requirement or by showing a violation of a statute that the legislature has declared an automatic ("per se") violation of the CPA. *See Holiday Resort Cmty. Ass'n v. Echo Lake Associates, LLC*, 134 Wn. App. 210, 220 (2006); *see also Hangman Ridge*, 105 Wn.2d at 787. In *Bruce*, the court found that the legislature only intended to exclude WLAD employment disputes from being per se CPA violations. *Bruce*, 79 Wn. App. at 517. Plaintiff employee could still establish a CPA claim by meeting the five *Hangman Ridge* requirements. *Id.* Even if the legislature excluded wage-and-hour violations from the CPA as Comcast suggests, Ms. Ginsburg could still allege a non-per se CPA claim.

ORDER – 6

remedy. *See* RCW 49.46.120 (providing that wage-and-hour laws are "in addition to and supplementary to any other federal, state, or local law"). While the CPA may not align perfectly with record-keeping regulations, it provides additional remedies for wage-and-hour violations. The legislature decided to protect employees from wage-and-hour abuse with more than minimum requirements. *Id.* (stating that any law "more favorable to employees than the minimum standards…shall not be affected"). Because the legislature envisioned that employees could pursue remedies beyond wage-and-hour statutes, Comcast's argument fails. *See Kirkpatrick*, 2006 WL 2381797, at *13 ("The existence of Washington statutes more tailored to [the employer's] alleged misconduct is therefore not an automatic bar to a CPA claim.")

**B.   Whether Ms. Ginsburg Adequately Alleged that Comcast Engaged in an "Unfair or Deceptive Act or Practice"**

Comcast asserts that Ms. Ginsburg pleaded insufficient facts to establish that Comcast's conduct was "unfair or deceptive" within the meaning of the CPA. Whether an act is unfair or deceptive is a question of law. *Panag*, 166 Wn.2d at 47. The CPA does not define "unfair or deceptive." The test for whether an act is unfair or deceptive is whether it had the capacity to deceive a substantial portion of the public. *Hangman Ridge*, 105 Wn.2d at 785. A deceptive act or practice misleads or misrepresents something significant. *Holiday Resort,* 134 Wn. App. at 226. Washington courts give no separate definition of "unfair," and no court has found an act or practice that is merely "unfair" sufficient to support a CPA claim. Following Washington courts, this court interprets "unfair or deceptive" to mean deceptive.

Ms. Ginsburg fails to allege facts showing that Comcast's conduct was deceptive. Ms. Ginsburg asserts that Comcast failed to pay her for all hours worked, including overtime, allowed or required her to work off the clock, and did not allow her to take all her rest breaks. Compl., Dkt. # 1, ¶ 10.2. She argues that these acts had the capacity to deceive a substantial portion of the public, because Comcast solicits customer service and

ORDER – 7

sales employees through internet advertising.[2]  Compl., Dkt. # 1, ¶ 10.3.  *See Kirkpatrick*, 2006 WL 2381797, at *12 (finding deceptive conduct because employer "solicited employees from the general public, and at least impliedly represented that they would be paid in conformity with Washington law").  Ms. Ginsburg does not allege the deceptive practices necessary for a CPA claim.  The fact that an employer does not pay its employees in accordance with the law may seem unfair, but it is not deceptive within the meaning of the CPA.  Additionally, Ms. Ginsburg does not claim that Comcast solicited *her*.  The allegations within Ms. Ginsburg's complaint do not satisfy the CPA's capacity to deceive test.

## IV. CONCLUSION

For the reasons stated above, the court GRANTS Comcast's motion to dismiss in part and DENIES it in part.  Dkt. # 18.  The court dismisses Ms. Ginsburg's CPA claim without prejudice.

DATED this 8th day of May, 2012.

The Honorable Richard A. Jones
United States District Court Judge

---

[2] Ms. Ginsburg submitted a copy of an online job posting for a Comcast call center in Fife, Washington, with the Declaration of James B. Zouras. Dkt. # 21.  An opposition to a motion to dismiss is not the appropriate avenue to introduce evidence of Comcast's solicitation of the Washington labor market.  Ms. Ginsburg may not bring evidence from outside the four corners of the complaint on a motion to dismiss.  *See United States v. Corinthian Colleges*, 655 F.3d 984, 991 (9th Cir. 2011).  The court grants Comcast's motion to strike the copy of the online job posting.

ORDER – 8