1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAREN GINSBURG, et al.,

        Plaintiffs,

    v.

COMCAST CABLE
COMMUNICATIONS MANAGEMENT
LLC,

        Defendant.

CASE NO. C11-1959RAJ

ORDER

15

## I.  INTRODUCTION

16 This matter comes before the court on a motion from Plaintiffs Karen Ginsburg
17 and Jessica Walker for partial summary judgment. Oral argument is unnecessary. For
18 the reasons stated below, the court DENIES the motion. Dkt. # 114.

19

## II.  BACKGROUND

20 The court has described this case in previous orders, most recently in two orders
21 addressing Plaintiffs' efforts to pursue this case on behalf of a class of all customer
22 account executives ("CAEs") at the three Washington call centers that Defendant
23 Comcast Cable Communications Management, LLC ("Comcast") operates. Briefly,
24 Plaintiffs, whose primary responsibility was to answer phone calls from Comcast
25 customers, contend that they began essentially every day they worked by working for
26 Comcast without pay. They sued, invoking various Washington statutes that permit
27 employees to recover unpaid wages.

28 ORDER – 1

The primary evidence supporting Plaintiffs' claims is their own testimony that they began virtually every one of their daily shifts by working off the clock. They contend that Comcast required them to be prepared to take customer phone calls at the beginning of their scheduled shifts. To be ready, however, they needed to log in to their computers, initiate several software programs that were necessary for receiving calls, log in to Comcast's phone system, and read emails and Comcast daily bulletins. Comcast provided a paid "preshift" period during at least part of each Plaintiff's tenure, but Plaintiffs testified that the five- or ten-minute preshift period was inadequate to complete the tasks necessary to begin taking customer calls. Plaintiffs submitted no evidence of any specific day on which they performed uncompensated work. They did not, for example, submit daily time records. Instead, the only evidence corroborating their testimony is a brief declaration from Dr. Robert Abbott, a statistician who compared data revealing the time at which every CAE logged into his or her Comcast computer each day with data revealing the time that his or her shift began. Dr. Abbott previously performed these calculations for hundreds of CAEs in support of Plaintiffs' efforts to certify a class. Now he has narrowed his analysis to Ms. Walker and Ms. Ginsburg. He contends that Ms. Ginsburg logged into her computer a cumulative total of 222.83 hours before the beginning of her paid shift over the 392 days on which she worked (an average of about 34 minutes per day) and that Ms. Walker logged in a cumulative total of 37.18 hours early over the 133 days on which she worked (an average of about 17 minutes per day).

Plaintiffs testified that various supervisors and trainers either directly instructed them to begin their workday by performing tasks before their paid work began or demanded the completion of tasks that Plaintiffs could not complete without working off the clock. Every trainer or supervisor who Plaintiffs identified denies Plaintiffs' allegations.

Plaintiffs claim that the court can decide, as a matter of law, that they worked time for which Comcast did not compensate them, and that Comcast is liable. They do not

ORDER – 2

contend that the court can decide as a matter of law how much uncompensated time they worked.

### III. ANALYSIS

On a motion for summary judgment, the court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party must initially show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The opposing party must then show a genuine issue of fact for trial. *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). The court defers to neither party in resolving purely legal questions. *See Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 942 (9th Cir. 1999).

**A.     Plaintiffs Have Not Provided Evidence Sufficient to Demonstrate Comcast's Liability Under Any Washington Statute.**

The court begins its analysis of Plaintiffs' motion by observing that although they request that the court hold Comcast liable "under Washington law," they do not specify which Washington law. That matters not only because plaintiffs ought generally be specific when asking the court to declare a defendant in violation of the law, but because the standards applicable to Comcast's alleged wrongdoing may vary depending on the law that its alleged wrongdoing violates. Both parties focus on the Washington Minimum Wage Act (RCW Ch. 49.46, "MWA") and the federal Fair Labor Standards Act ("FLSA"), to the extent it is persuasive in interpreting the MWA. *See Innis v. Tandy Corp.*, 7 P.3d 807, 811 (Wash. 2000) (federal regulations and decisions interpreting FLSA are persuasive authority for Washington courts interpreting the MWA); *Tift v.*

ORDER – 3

*Prof. Nursing Servs., Inc.*, 886 P.2d 1158, 1162 (Wash. Ct. App. 1995) ("Because the MWA is based upon the Federal Fair Labor Standards Act of 1938 . . . federal cases and interpretations are deemed to be persuasive but not controlling upon Washington courts."). The MWA, however, does not govern an employer's obligation to pay an employee whatever hourly wage they have negotiated, it merely requires payment of a minimum hourly wage. *SPEEA v. Boeing Co.*, 991 P.2d 1126, 1132 (Wash. 2000) ("The WMWA directs an employer to pay an employee not less than a minimum wage. RCW 49.46.020. Nowhere does it guarantee an employee be paid his or her negotiated wage, nor does it provide any remedy for an employer's failure to pay an employee for all time worked.") Plaintiffs present no evidence that they were paid less than Washington's minimum wage. In contrast to its silence as to an employer's obligation to pay straight time wages above minimum wage, the MWA does obligate an employer to pay one-and-a-half times an employee's negotiated wage for overtime. *SPEEA*, 991 P.2d at 1132 & n.5; RCW § 49.46.130(1) ("[N]o employer shall employ any of his or her employees for a work week longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."). Plaintiffs present no evidence, however, that they worked overtime in any week. In short, Plaintiffs' motion gives the court no basis for holding Defendants liable for a violation of the MWA.

There are other Washington statutes that obligate an employer to pay an employee her regular wages. Plaintiffs invoked a few of them in their complaint (*e.g.*, RCW § 49.48.010 (requiring an employer to pay wages owed at termination of employment), RCW § 49.52.050 (making employers liable for willful failure to pay wages)), but did not refer to any of them in their motion for summary judgment. Moreover, Plaintiffs cited no authority establishing that the MWA's standards for determining what work is compensable apply to these other statutes. For these reasons, the court cannot grant Plaintiffs' summary judgment motion.

ORDER – 4

**B.     Disputed Issues of Fact Prevent Summary Judgment as to Whether Plaintiffs Performed Uncompensated Work Within the Meaning of the MWA.**

Because the parties do not mention Plaintiffs' failure to offer evidence that Comcast paid them less than minimum wage or failed to pay them overtime, the court construes the motion before it as a request for partial summary judgment on a question that is inadequate by itself to establish Comcast's liability: whether Plaintiffs performed uncompensated work within the meaning of the MWA.

The MWA requires employers to pay a minimum hourly wage for all hours an employee works and to pay overtime and one-and-half times any rate of pay. *Stevens v. Brink's Home Security, Inc.*, 169 P.3d 473, 475 (Wash. 2007); RCW §§ 49.46.020, 49.46.130. MWA regulations define "[h]ours worked" as "all hours during which the employee is authorized or required by the employer to be on duty on the employer's premises or at a prescribed work place." Wash. Admin. Code ("WAC") § 296-126-002(8). The Washington Department of Labor and Industries has interpreted the regulatory definition to encompass "all work requested, suffered, permitted, or allowed," including "preparatory time." L&I Emp. Std. ES.C.2. It is not enough for an employee to work, the employer must "know or have reason to believe" that the employee worked. L&I Emp. Std. ES.C.2.

Disputed facts prevent the court from deciding whether Plaintiffs performed uncompensated work within the meaning of the MWA. Comcast has not offered evidence to contradict Plaintiffs' testimony that they began performing work before the scheduled start of their shifts. To be sure, there is evidence that both Plaintiffs sometimes began their day by checking personal email or with other personal tasks. That evidence is insufficient to contradict Plaintiffs' testimony that there were at least some days when they performed Comcast work without being paid. What Comcast has offered, however, is evidence from every person who Plaintiffs identified as a supervisor or trainer. They uniformly declare that they never instructed Plaintiffs to perform uncompensated work before their shifts began, that they were not physically positioned to determine whether

ORDER – 5

Plaintiffs were working before their shifts began, that Plaintiffs never requested compensation for work before their shifts began, and that nothing else alerted them that Plaintiffs were performing uncompensated work. They also declare that they had no access to the Comcast network to determine employees' computer log-in times.[1] Moreover, with one exception, there is no evidence that Plaintiffs informed Comcast of the work they performed without compensation. Ms. Walker testified that she never attempted to report time before the beginning of her scheduled shift, albeit because she contends that her trainers and supervisors made it clear that she should not bother. Ms. Ginsburg contends that she attempted to record time before her shift began, and that one of her supervisors altered her time records. The supervisor denies those assertions. Other than that single incident, there is no evidence that Ms. Ginsburg informed any superior about her uncompensated time.

## IV. CONCLUSION

For the reasons stated above, the court DENIES Plaintiffs' motion for partial summary judgment. Dkt. # 114.

Dated this 13th day of January, 2014.

_____
The Honorable Richard A. Jones
United States District Court Judge

---

[1] Plaintiffs insist that Comcast can be charged, as a matter of law, with knowledge of the difference between the computer log-in times and Plaintiffs' scheduled shift times. The court disagrees, as it has explained in its past orders. A jury must decide whether an employer in Comcast's position should have known about this discrepancy, and whether it should have led Comcast to conclude that Plaintiffs were performing uncompensated work. The court has also previously rejected Plaintiffs' assertion that logging in to their Comcast computers commenced their work day even if they logged in to conduct personal business.

ORDER – 6